IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZACHERY HALSELL, ID # 1653953, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:12-CV-4963-B (BH) |
| ) | |
| RICK THALER, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** for lack of subject matter jurisdiction.

**I. BACKGROUND**

The petitioner (petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Rick Thaler, Director of TDCJ-CID.

Petitioner challenges his convictions for attempted murder and indecency with a child in Cause Nos. F94-30157 and F94-30145 (Petition (Pet.) at 2). He pled guilty and was convicted of these offenses, as well as aggravated sexual assault of a child and intentional exposure to AIDS in Cause Nos. F94-03125 and F94-01881 on December 29, 1994, in Dallas County, Texas, and he was sentenced to 10 years' imprisonment in each case. (*See* www.dallascounty.org, search for cause

numbers, www.tdcj.state.tx.us, search for petitioner).[1]  Petitioner did not directly appeal or file state writ applications challenging these convictions. (Pet. at 3-4).[2]

After petitioner served his criminal sentences, the State of Texas filed a petition to civilly commit him as a sexually violent predator pursuant to the Texas Health and Safety Code. After a jury trial, the trial court entered a final judgment and order of civil commitment. *See Halsell v. Texas*, Cause No. 4:09-cv-420-Y, 2009 WL 4496207, *1 (N.D. Tex. Dec. 3, 2009); *In re Commitment of Zachery Halsell*, 2005 WL 1242761, *1 (Tex. App.–Beaumont May 26, 2005). Petitioner was subsequently convicted in Cause No. 1056201R in Tarrant County, Texas, of violating the civil commitment order and was sentenced to forty-five years' confinement. He is currently serving this sentence. *See Halsell v. State*, 2010 WL 5395976 (Tex. App.–Fort Worth Dec. 30, 2010); (*see also* www.tdcj.state.tx.us, search for petitioner).

Petitioner filed his federal petition on December 3, 2012.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great*

---

[1] Petitioner does not appear to challenge his other convictions.

[2] Petitioner did file a state habeas application challenging his conviction for aggravated assault of a child in Cause No. F94-03125 that was dismissed by the Texas Court of Criminal Appeals on June 30, 2010, because the sentence had been discharged. *See Ex parte Halsell*, WR-74,177-01 (Tex. Crim. App. June 30, 2010).

2

*W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is a jurisdictional prerequisite, and a petitioner must be in custody at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Generally, one satisfies the "in custody" requirement when the sentence for the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). While actual physical detention is not required to meet this custody requirement, there must be some restraint on the liberty of a person. *Jones v. Cunningham*, 371 U.S. 236 (1963). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

Here, petitioner is currently in custody serving a conviction in a different case. He does not dispute that the sentences in the cases he is challenging have been discharged. In fact, he specifically states that when he was released from prison in 2004 after serving his sentences, he was subjected to civil commitment. (doc. 3 at 24-25). To the extent that petitioner is challenging these sentences because they were the basis for his civil commitment, the Supreme Court held in *Maleng* that a habeas petitioner is not "in custody" under a conviction after the sentence imposed for it has fully expired merely because of the possibility of the collateral consequence that the discharged conviction would be used to enhance a subsequent conviction. *Id*. at 492. Similarly, a habeas petitioner is not in custody for purposes of the jurisdictional prerequisite where the petitioner has fully served his sentence but is required to register as a sex offender. *Hurley v. Quarterman*, 2008

WL 4966638 (N.D. Tex. Nov. 18, 2008); *Cramer v. Quarterman*, 2006 WL 2252714 (N.D. Tex. Aug. 4, 2006); *Prieto v. Cockrell*, 2001 WL 1445351 (N.D. Tex. Nov. 14, 2001).

Because he has fully discharged the sentences imposed on him for the convictions he seeks to challenge, this Court is without jurisdiction to consider the merits of petitioner's federal habeas petition.[3]

### III. RECOMMENDATION

The request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DISMISSED** for lack of subject matter jurisdiction.

**SO RECOMMENDED on this 19th day of March, 2013.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Even if the Court found it had jurisdiction over petitioner's habeas petition, it would be barred by the one-year statute of limitations. His convictions became final in 1994, but he did not file this petition until December of 2012, many years past the one-year statute of limitations had expired for all of the convictions. *See* 28 U.S.C. § 2244(d)(1).

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5